IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02211-BNB

JESSIE AILSWORTH, JR.,

    Applicant,

v.

D. BERKEBILE, Warden, F.P.C. Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Jessie Ailsworth, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Ailsworth, acting *pro se*, filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). He has paid the $5.00 filing fee. ECF No. 10.

Mr. Ailsworth was convicted on charges for drug trafficking and food stamp fraud in the United States District Court for the District of Kansas (District of Kansas) in *United States v. Ailsworth*, No. 94-cr-40017-01-SAG. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See, e.g.*, *Wolf v. Suthers*, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

The District of Kansas sentenced Mr. Ailsworth to 360 months of imprisonment. No. 94-40017-01-SAG, ECF Nos. 903 at 3, 957 at 1. After receiving no relief on direct

appeal, Mr. Ailsworth filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which the district court denied in large part but granted relief on one issue and entered an amended judgment that reduced his term of supervised release from ten years to five.  No. 94-40017-01-SAG, ECF Nos. 903 at 4, 957 at 1.  On June 21, 2004, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied Mr. Ailsworth a certificate of appealability and dismissed the appeal.  No. 94-40017-01-SAG, ECF Nos. 923 at 5, 957 at 1.

In 2006, the Tenth Circuit then denied Mr. Ailsworth permission to file a successive § 2255 motion and rejected the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005).  No. 94-40017-01-SAG, ECF Nos. 928 at 2, 957 at 1.  In 2008, the district court denied Mr. Ailsworth's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), No. 94-40017-01-SAG, ECF Nos. 933 at 10, 957 at 1, and the denial was affirmed on appeal.  No. 94-40017-01-SAG, ECF Nos. 943 at 9, 957 at .

In 2012, Mr. Ailsworth filed a motion for writ of *audita querela*, No. 94-40017-01-SAG, ECF Nos. 946, 947 at 1, 957 at 2, which the district court construed to be a § 2255 motion for which he did not seek prior authorization from the Tenth Circuit pursuant to § 2244(b)(3).  No. 94-40017-01-SAG, ECF Nos. 947 at 7, 957 at 2.  The district court dismissed the motion for lack of jurisdiction and denied a certificate of appealability.  No. 94-40017-01-SAG, ECF Nos. 947, 954, 957 at 2.  The Tenth Circuit denied a certificate of appealability, and dismissed the appeal.  *United States v. Ailsworth*, 513 Fed. App'x 720 (10th Cir. Mar. 14, 2013); *see also* No. 94-40017-01-SAG, ECF No. 957 at 2.

On July 31, 2013, Mr. Ailsworth filed another § 2255 motion arguing for the

retroactive application of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). No. 94-40017-01-SAG, ECF Nos. 956, 957 at 2. The District of Kansas found that Mr. Ailsworth was not authorized to bring a successive collateral attack based on § 2255(h)(2) because the Supreme Court had not explicitly held that the rule announced in *Alleyne* applies retroactively. No. 94-40017-01-SAG, ECF No. 957 at 2-3. Consequently, the District of Kansas dismissed Mr. Ailsworth's motion for lack of jurisdiction. No. 94-40017-01-SAG, ECF No. 957 at 3-4.

On August 16, 2013, Mr. Ailsworth filed in this Court an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) challenging his conviction and sentence and again asserting his *Alleyne* argument. On October 24, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 12) directing Mr. Ailsworth to show cause within thirty days why the application should not be denied because he has an adequate and effective remedy available to him pursuant to § 2255 in the sentencing court. On November 1, 2013, Mr. Ailsworth submitted his response (ECF No. 13) to the order to show cause.

The Court must construe Mr. Ailsworth's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Ailsworth bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Ailsworth's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Ailsworth fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. He previously raised in the District of Kansas pursuant to § 2255 the *Alleyne* claim he seeks to re-assert in this

4

Court. Simply because the District of Kansas found that Mr. Ailsworth was not authorized to bring a successive collateral attack based on § 2255(h)(2) does not mean he may resort to the savings clause in § 2255(e) and § 2241 to raise here the same claim raised and rejected in the sentencing court. The amended application will be denied and the action dismissed because Mr. Ailsworth has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) that Applicant, Jessie Ailsworth, filed *pro se* is denied and the action dismissed because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Kansas, the sentencing court.

DATED November 5, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court